IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WRIGHT BOWEN,**

    **Petitioner,**

v.                                           **Civil Action No. 1:16cv201**
                                                   **Criminal Action No. 1:13cr55-16**
                                                   **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On October 21, 2016, the pro se Petitioner, an inmate incarcerated at FCI Beckley in Beaver, West Virginia, filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. Upon initial review of Petitioner's motion, it is grossly untimely. However, the undersigned has elected to issue this Report and Recommendation without waiting for Petitioner to explain his untimeliness and entitlement to equitable tolling of the one-year statute of limitation for the timely filing of a § 2255 motion, because no information Petitioner could provide would alter the conclusion reached herein.

### II. Facts

**A. Conviction and Sentence**

On July 9, 2013, Petitioner was indicted in six counts of a forty-eight count indictment, along with seventeen co-defendants. ECF No. 7. Petitioner was charged in Count 1, Conspiracy to possess with intent to distribute 100 grams and more of heroin and a quantity of cocaine hydrochloride; Counts 6 - 7, aiding and abetting the distribution of heroin, Counts 8 – 9, distribution of heroin within 1,000 feet of a protected location, and Count Ten, aiding and abetting the distribution of heroin within 1,000 feet of a protected location. Id.

On February 5, 2014, pursuant to a written plea agreement, Petitioner pled guilty to Count Ten of the indictment, aiding and abetting the distribution of heroin within 1,000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860, and 18 U.S.C. § 2. ECF No. 275.

On December 1, 2014, the Court sentenced Petitioner to a term of forty-one months' incarceration followed by six years of supervised release. ECF No. 600.

### B. Appeal

Petitioner did not pursue a direct appeal.

### C. Recommendation

Based upon a review of the record, the undersigned recommends that Petitioner's § 2255 motion be denied and dismissed as being incorrectly and untimely filed as a § 2255 motion.

## II. Analysis

In his section 2255 motion, Petitioner argues that he is entitled to a minor role reduction based on a recent amendment to the advisory federal sentencing guidelines manual. See ECF No. 850 at 5. Petitioner's argument fails for two reasons.

First, amendment 794 amending § 3B1.2 (minor role reduction) of the United States Sentencing Guidelines ("USSG") took effect on November 1, 2015. Petitioner's conviction became final on December 16, 2014, when he failed to appeal the judgment, ten and one-half months prior to this amendment. In general, the court is required to use the guidelines manual in effect on the date a defendant is sentenced. See Dorsey v. United States, 132 S.Ct. 2321, 2332 (2012); U.S.S.G. § 1B1.11(a). Petitioner is not arguing that his sentence was illegal when imposed, that it was imposed in violation of United States law, or that any other defects cognizable under section 2255(a) are present in his case. Instead, Petitioner is seeking to receive

the retroactive benefit of an amendment that issued after he was sentenced. This type of claim must be brought as a motion under 18 U.S.C. § 3582. See United States v. Hunley, 2016WL4523417 (W.D. Virginia, Roanoke Division). Therefore, Petitioner's Motion under section 2255 fails.

Second, in 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, which was established a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.[1]

The limitation period shall run from the last of:

    1) The date on which the judgment of conviction becomes final;

    2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    3) The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[2] or

    4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. Aikens v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). There are two recognized exceptions to this general rule, which apply when a federal prisoner seeks direct appellate review of his conviction or sentence. First, if, following the disposition of his direct

---

[1] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied*, 523 U.S. 371 (1998).

[2] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353, (2005).

3

appeal, a federal prisoner files a petition for writ of *certiorari* with the U.S. Supreme Court, the conviction becomes final when the Supreme Court either denies *certiorari* or issues a decision on the merits. See Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001). Second, if the federal prisoner does not file a timely *certiorari* petition after disposition of his direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, which is ninety days after entry of the judgment on direct appeal. See Clay v. United States, 537 U.S. 522, 532 (2003). In the present case, neither exception applies because Petitioner did not file a direct appeal of his conviction.

For federal prisoners, the time for filing a direct appeal expires fourteen days after the written judgment of conviction is entered on the criminal docket. See F.R.App.P. 4(b)(1)(A)(i). Therefore, Petitioner's conviction in this case became final on December 16, 2014 (fourteen days after the final judgement order). Therefore, Petitioner had until December 16, 2015, to file his habeas corpus under AEDPA. Because Petitioner did not file his section 2255 motion until October 21, 2016, it is clearly time-barred. Therefore, Petitioner's Motion under section 2255 fails.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 850] be **DENIED** and **DISMISSED without prejudice** because it was incorrectly and untimely filed as a § 2255 motion.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections.

A copy of any objections shall also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: October 26, 2016

/s/   James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE